6779

## LYNCH v. BALL.

JURISDICTION—TRESPASSER.—MAGISTRATE acquires jurisdiction of person of trespasser by serving notice to quit, and jurisdiction of the magistrate of the subject can not be ousted by appearance and affidavit of defendant that the title to the land would come in question, and doing nothing more.

Before KLUGH, J., Florence, March, 1907. Affirmed.

Proceeding to eject trespasser by J. C. Lynch against John B. Ball and B. F. Ball. From order sustaining judgment of Magistrate R. S. Smith on writ of *certiorari,* defendant appeals.

*Mr. B. F. Ball,* for appellant, cites: 24 S. C., 507; 34 S. C., 107; 1 S. C., 226; 26 S. C., 208; 13 S. C., 198; 10 S. C., 301; 26 S. E., 99, 244.

*Mr. J. P. McNeill,* contra.

March 2, 1908.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.    J. C. Lynch, landlord, applied to R. S. Smith, Esq., magistrate, to secure the ejectment of the two defendants, John B. Ball and B. F. Ball, from parts of land owned by him

He began his proceedings by an affidavit as required by Section 2972 of the Code of Laws of South Carolina of 1902, Volume I, under which the magistrate served a notice on the defendants to quit the premises owned by the plaintiff.

At the expiration of five days thereafter, the defendant B. F. Ball appeared before the magistrate and deposed that the title of said land would come in question in the above-entitled case and further said not.    R. S. Smith, the magistrate, issued his order requiring the sheriff to forthwith eject the said B. F. Ball and John Ball from the said premises, and to deliver the same to the plaintiff.    This the sheriff did. Whereupon the said B. F. Ball petitioned his Honor, Judge Klugh, as presiding judge of the Court of Common Pleas of Florence, then in session, for writ of *certiorari,* and Judge Klugh ordered that R. S. Smith, Esq., bring into his Court forthwith, all of the records of the above-stated case.

This was done, and thereafter his Honor, Judge Klugh, after due consideration of the record and argument thereon, decided that the defendants had failed to even attempt to justify the possession of the premises by satisfying the magistrate they had a *bona fide* claim to the possession of the premises, and said defendants had failed to appeal from the order of the magistrate, R. S. Smith, ordering the sheriff to dispossess the said defendants from the said lot of land.

The Circuit Judge ordered the writ to be dismissed and the judgment of the magistrate affirmed.

From this order of Judge Klugh the defendants have appealed to this Court, upon seven grounds, the first being "that Judge Klugh erred in finding that R. S. Smith, the magistrate, had jurisdiction of the subject-matter." The very object of the act in question was the dispossession in a speedy manner of persons unlawfully squatted on the lands of another. Every requirement of Section 2972 of our Code of Procedure was complied with by the plaintiff, and in no particular was there the least show made by the defendants in explanation of their conduct towards the plaintiff's land. When they appeared before the magistrate, in accordance with his order, all they did was to depose that the title of the land might be brought in question, with not a word justifying their conduct in the premises.

The Circuit Judge, therefore, made no mistake when he held that the magistrate had jurisdiction of the persons of the defendants.

As required by Section 2972, notice was given to them, and when they failed to oust the magistrate of jurisdiction, by showing that they had not been served with a notice to appear before the magistrate, the jurisdiction which had already attached to the person of the defendants remained. This being so, we overrule the second exception also.

The third exception, which imputes error to his Honor, the Circuit Judge, in holding that the magistrate had jurisdiction, is without force. The magistrate had followed the terms of Section 2972 and no showing to the contrary was made to oust him of jurisdiction, and therefore the Circuit Judge made no mistake. This exception is overruled.

Fourth. The very effect of *certiorari* is to inquire into the jurisdiction of an inferior tribunal. All parties submitted their rights thereunder to the Circuit Judge. It was plainly manifest that the defendants were trifling with justice, and the order of his Honor, the Circuit Judge, was right in every particular, except possibly his showing more

mercy towards the defendants than they were strictly entitled to receive. This exception is overruled.

Fifth. No appeal was taken from the magistrate's judgment; there was no good ground for believing that the writ of *certiorari* could be made to infuse life and vigor into a worthless case, and his Honor was not in error, as is here complained of. This exception is overruled.

Sixth. John Ball makes no showing whereby the jurisdiction of the magistrate does not attach to him. This exception is overruled.

Seventh. When the judgment of an inferior court is declared a nullity, there must be some ground advanced in support of such a proposition. When, in pursuance of provisions of the law, a magistrate has acquired jurisdiction of the person of a defendant, such jurisdiction remains effective until it is shown without virtue of law. The magistrate here complied strictly with Section 2972 of our Code of Laws, his judgment was in pursuance of such authority, and there was no mistake in the Circuit Judge so holding. This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be, and it is hereby, affirmed.

Mr. Justice Gary *concurs in the result.*